UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

UNITY SHIPPING LINES, INC., et al.

Debtors.
_____/

SONEET R. KAPILA, Trustee in
Bankruptcy for Unity Shipping Lines, Inc., et al,

    Plaintiff,
vs.

MAERSK-RICKMERS U.S. FLAG
PROJECT CARRIER, LLC

    Defendant(s).
_____/

Case No.: 13-16222-PGH
(Substantively Consolidated)

Chapter 7

Adv. Proc. No.:

## TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547 and 550

The Plaintiff, **Soneet R. Kapila**, Trustee in Bankruptcy for **Unity Shipping Lines, Inc. et al**, ("Plaintiff"), by and through undersigned counsel, hereby sues **MAERSK-Rickmers U.S. Flag Project Carrier, LLC** ("Defendant"), and alleges:

1. This is an adversary proceeding brought by the Plaintiff seeking to avoid and recover preferential transfers pursuant to 11 U.S.C. § 547 and 550.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b)[1].

3. This is a core proceeding for which the Court is authorized to hear and determine all

---

[1] Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Trustee or the estate may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's estate (collectively the "Claims"), Plaintiff reserves the right to object to such Claims for any reason, including, but not limited to 11 U.S.C. §502 (a) – (j), and this Complaint is not intended to be, nor should it be construed as, a waiver of such right.

matters regarding this case in accordance with 28 U.S.C. §§ 157(b)(2)(E)(F) and (H).

4. The venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §1409.

5. This action was commenced by the filing of voluntary Chapter 11 bankruptcy petitions for Unity Shipping Lines, Inc. (lead bankruptcy case number 13-16222-PGH), Yacht Path International, Inc. (bankruptcy case number 13-16247-PGH), Yacht Path Palm Beach, Inc. (bankruptcy case number 13-16261-PGH), and Unity Marine, Inc. (case number 13-16265-PGH) (each referenced as a "Debtor" and collectively referenced as "Debtors") on March 20, 2013.

6. All of the Debtors were in the yacht transport and related sales businesses.

7. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors operated their business as debtors-in possession until a Chapter 11 Trustee was appointed on May 20, 2013.

8. On May 22, 2013, the Office of the United States Trustee appointed Soneet Kapila as Chapter 11 Trustee.

9. On November 13, 2013, the Court converted the Debtors' Chapter 11 cases to cases under Chapter 7. Soneet Kapila was appointed as the Chapter 7 Trustee for each Debtor.

10. On March 19, 2014, the Court entered an Order substantively consolidating the Debtors, with the lead case being Unity Shipping Lines, Inc.

11. The Defendant, MAERSK-Rickmers U.S. Flag Project Carrier, LLC, is a Delaware limited liability company.

12. Within ninety (90) days prior to the Petition Date, the Debtors made transfers totaling $200,000.00 to the Defendant (collectively the "Transfer")[2].

---

[2] During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of the Defendant, insiders (including ,without limitation, Kevin Cummings, Dennis Cummings, Colleen Cummings, or Cheryl Cummings) or any other transferee. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers/Transfers, (iii) modifications of and/or revisions to the Defendant's name, and/or (iv) additional defendants that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of the filing of this original Complaint.

13. The Transfer was made pursuant to a wire transfer from the Debtors (consisting of payments from the particular Debtor, in the amounts and on or about the dates as specified on the attached Exhibit "1").

14. A true and correct copy of the Debtors' bank statement showing the wire transfer is attached as Exhibit "2".

15. At the time of the Transfer, the Debtors were generally not paying their debts as they became due.

16. At the time of such Transfer, pursuant to section 101(32) of the Bankruptcy Code, and as specifically defined therein, each of the Debtors were insolvent in that the sum of each of their debts was greater than the sum of all of their respective assets, or each of the Debtors was otherwise insolvent.

17. The Debtors were also insolvent during this time on a consolidated basis.

18. Specifically, the Debtors' principal has testified that the Debtors first became unable to pay their debts as they became due in or around 2008.

19. The Debtors' financial problems arose as the product of a confluence of factors, including the economic collapse in 2008, reduced freight rates industry-wide, "freight wars" with other carriers to attract customers, and the Debtors' expansion into the European market, resulting in unprofitable voyages.

20. The Debtors' management continued to operate at a loss for several years, taking unprofitable voyages into Europe in the hopes that the financial collapse would be short term and that the European market would provide additional revenue for the Debtors.

21. In 2010, however, after the economy failed to recover, and lacking the financial resources to solve the Debtors' financial problems, the Debtors' principals began to discuss a merger with other companies.

22. The Debtors actively engaged in the pursuit of a merger with competitors such as Dockwise and Coby through early 2012, when it became apparent that the merger would not materialize.

23. On January 16, 2015 the Trustee made written demand upon the Defendant for the repayment of the subject Transfers as can be seen from a copy of the letter sent to the Defendant by regular U.S. mail attached as Exhibit "3".

24. The Trustee has not received the repayment of the Transfer.

25. All conditions precedent to the bringing of this adversary proceeding have been performed, waived, or excused.

## COUNT I- AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

26. The Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

27. The Transfer referenced above in the total amount of at least **$200,000.00** to the Defendant from the Debtor:

    (a) was for the benefit of a creditor of the Debtors;

    (b) was for or on account of an antecedent debt owed by one or more of the Debtors before the dates of the Transfer;

    (c) was made while the Debtor was insolvent;

    (d) was made on or within ninety (90) days of the date of the filing of the bankruptcy petition, or within one (1) year to or for the benefit of an insider;

    (e) enabled the Defendant to receive more than they would receive if the case was filed under Chapter 7 of Title 11, the Transfer had not been made, and the Defendant received payment of their debts to the extent provided under the provisions of Title 11 of the Bankruptcy Code, as more specifically set forth within 11 U.S.C. §547(b)(5).

28. The Transfer was for the benefit of a creditor of the Debtor(s).

29. The Transfer was made within ninety (90) days of the filing of the petition.

30. The Transfer was for or on account of an antecedent debt owed by one or more of the

Debtors before the dates of the Transfer.

31. The Transfer was made while the Debtors were insolvent as set forth above.

32. The Transfer enabled the Defendant to receive more than it would have received if the case was filed under Chapter 7 of Title 11, the Transfer had not been made, and the Defendant received payment of its debts to the extent provided under the provisions of Title 11 of the Bankruptcy Code, as more specifically set forth with 11. U.S.C. §547(b)(5).

33. The Defendant was the initial transferee or the entity for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover these Transfer from the Defendant pursuant to 11 U.S.C. §550(a)(1). Alternatively, the Defendant is an immediate or mediate transferee of the initial transferee for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover this Transfer from the Defendant pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE**, the Plaintiff, **Soneet R. Kapila, as Trustee in Bankruptcy for Unity Shipping Lines, Inc. et al,** by and through undersigned attorney, requests that the Court enter a judgment setting aside and avoiding the subject preferential Transfer pursuant to 11 U.S.C. § 547 and §550 in the amount of **$200,000.00**, whereby such Transfer shall be found to be avoided preferential Transfer, that a judgment be entered in favor of the Plaintiff, **Soneet R. Kapila, as Trustee in Bankruptcy for Unity Shipping Lines, Inc. et al**, against the Defendant in the amount of **$200,000.00**, plus court costs and interest from the date of the Trustee's demand for payment of **January 16, 2015** and that the Court such other further relief as the Court deems just and proper.

## COUNT II - RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. §550

34. The Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

35. This count is pled as an effectuating count whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided transfer pursuant to a separately pled count, this count is being separately pled.

36. Upon the Court setting aside and avoiding the Transfer referenced in the preceding count, for any amount either more or less than **$200,000.00** Plaintiff seeks to recover such Transfer pursuant to 11 U.S.C. §550.

**WHEREFORE,** the Plaintiff, **Soneet R. Kapila, as Trustee in Bankruptcy for Unity Shipping Lines, Inc. et al,** by and through undersigned counsel, respectfully requests that the Court enter judgment that the Defendant was the initial transferee for whose benefit the Transfer referenced above in the amount of **$200,000.00**, was made, and as a result, the Plaintiff is entitled to recover the Transfer from the Defendant pursuant to 11 U.S.C. §550(a)(1) or alternatively, that the Court enter judgment finding that the Defendant is the immediate or mediate transferee of the initial transferee for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover the Transfer as referenced above from the Defendant pursuant to 11 U.S.C. §550(a)(2).

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: January 30, 2015

                                          **GREENSPOON MARDER, P.A.**

                                        /s *Rilyn A. Carnahan*
                                        MICHAEL R. BAKST, ESQ.
                                        Florida Bar No.: 866377
                                        RILYN A. CARNAHAN, ESQ.
                                        Florida Bar No.: 614831
                                        Attorneys for Trustee
                                        250 S. Australian Ave., Suite 700
                                        West Palm Beach FL 33401
                                        (561) 838-4557
                                        (561) 514-3457 (facsimile)
                                        Email: rilyn.carnahan@gmlaw.com

| Exhibit |
|---|

**Unity Shipping Lines, Inc., Yacht Path International, Inc., Yacht Path Palm Beach, Inc., Unity Marine, Inc.**
**Case Number 13-16222 (substantively consolidated)**
**United States Bankruptcy Court**
**Southern District of Florida**
**West Palm Beach Division**

**Maersk-Rickmers US Flag Project Carrier, LLC 90 Day Payments: 12/20/12 to 03/20/13**

| Entity | Date | Amount |
|---|---|---|
| Unity Shipping Lines | 12/28/2012 | $ 200,000.00 |
|  |  | $ 200,000.00 |

EXHIBIT "1"

Kapila/Mukamal
CPAs, Forensic and Insolvency Advisors
Page 1 of 1

H

UNITY SHIPPING LINES INC
OPERATING ACCOUNT

Page 8 of 15
Statement Period
12/01/12 through 12/31/12
E0  E PB   EB 53

Account Number          8249

## Withdrawals and Debits - Continued
### Other Debits

| Date Posted | Customer Reference | Amount ($) | Description | Bank Reference |
|---|---|---|---|---|
| 12/19 | | 59.31 | Adp Payroll Fees Des:Adp - Fees ID:13IN5  9790212 Indn:Unity Shipping Lines I  Co ID:▇▇▇▇5001 Ccd | 902353007049964 |
| 12/20 | | 45,159.31 | Wire Type:Intl Out Date:121220 Time:1614 Et Trn:2012122000324522 Service Ref:659744 Bnf:Pacc Container Line Pte Lt ID:▇▇▇▇6201 Bnf Bk:Ocbc Singapore ID:006550997593 Pmt Det:Inv PA27193 | 903712200324522 |
| 12/20 | | 10,134.10 | Wire Type:Intl Out Date:121220 Time:1655 Et Trn:2012122000343113 Service Ref:661558 Bnf:Cibc H.O. ID:▇▇▇▇6157 Bnf Bk:Canadian Imperi AL Bank ID:006550826157 Pmt Det:12C20G5228R61A89Fu Rhter Credit To: 9307230 Brian O 'Sullivan Ste A. | 903712200343113 |
| 12/20 | | 3,449.46 | Adp TX/Fincl Svc Des:Adp - Tax  ID Indn:Unity Shipping Lines I  Co ID:1941711111 Ccd | 902355008004826 |
| 12/21 | | 10,450.00 | Wire Type:Wire Out Date:121221 Time:1640 Et Trn:2012122100341445 Service Ref:014733 Bnf:Omni Risk Management, Inc. ID:▇▇▇▇9460 Bnf Bk:Jpmorgan Chase Bank, NA ID:325070760 Pmt Det:six invoices | 903712210341445 |
| 12/21 | | 10,000.00 | Wire Type:Wire Out Date:121221 Time:1504 Et Trn:2012122100298147 Service Ref:012202 Bnf:Allegiance Crane Equipmen ID:▇▇▇▇0319 Bnf Bk:Pnc Bank, N.A. ID:043000096 Pmt Det:12C21E5 502D80000 | 903712210298147 |
| 12/21 | | 10,000.00 | Wire Type:Wire Out Date:121221 Time:1640 Et Trn:2012122100341450 Service Ref:486656 Bnf:Elias Jorge Bahaia ID:▇▇▇▇2222 Bnf Bk:Citibank , N.A. ID:0008 Pmt Det:12C21G0222Pt0B34 | 903712210341450 |
| 12/21 | | 5,401.00 | Wire Type:Intl Out Date:121221 Time:1640 Et Trn:2012122100341451 Service Ref:386009 Bnf:Miguel Puigserver, S.A. ID:▇▇▇▇35000 Bnf Bk:Banco Espanol DE Credit ID:006550970404 Pmt Det:12C21F15045B0936 | 903712210341451 |
| 12/21 | | 2,170.00 | Wire Type:Wire Out Date:121221 Time:1646 Et Trn:2012122100344369 Service Ref:014841 Bnf:Omni Risk Management, Inc. ID:▇▇▇▇9460 Bnf Bk:Jpmorgan Chase Bank, NA ID:325070760 Pmt Det:12C21G4411Bh5698 | 903712210344369 |
| 12/21 | | 9,314.10 | Adp TX/Fincl Svc Des:Adp - Tax  ID: Indn:Unity Shipping Lines I  Co ID:9333006057 Ccd | 902355009501996 |
| 12/27 | | 3,447.04 | Adp TX/Fincl Svc Des:Adp - Tax  ID Indn:Unity Shipping Lines I  Co ID:1941711111 Ccd | 902362010129668 |
| 12/27 | | 59.31 | Adp Payroll Fees Des:Adp - Fees ID:13IN5   0097890 Indn:Unity Shipping Lines I  Co ID:9659605001 Ccd | 902361002577943 |
| 12/28 | | 200,000.00 | Wire Type:Book Out Date:121228 Time:1655 Et Trn:2012122800333328 Related Ref:Twrd Inv 10191 Bnf:Maersk-Rickmers US Flag PR ID:004427660223 | 903712280333328 |
| 12/28 | | 17,576.75 | Wire Type:Wire Out Date:121228 Time:1655 Et Trn:2012122800333325 Service Ref:015381 Bnf:Omni Risk Management, Inc. ID:▇▇▇▇9460 Bnf Bk:Jpmorgan Chase Bank, NA ID:325070760 Pmt Det:12C28E2810Cj1O88 | 903712280333325 |

EXHIBIT "2"

**BANA1537**



**888.491.1120**
www.gmlaw.com

From the desk of:
Rilyn A. Carnahan, Esq.
222 Lakeview Avenue, Suite 800
West Palm Beach, Florida 33401
Direct Phone: 561.838.4557
Direct Fax: 561.514.3457
Email: rilyn.carnahan@gmlaw.com

January 16, 2015

**VIA Regular U.S. Mail**
MAERSK-Rickmers U.S. Flag Project Carrier LLC
c/o The Corporation Trust Company, Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

      RE:    **Unity Shipping Lines, Inc.**
                  **Yacht Path International, Inc.**
                  **Yacht Path Palm Beach, Inc.**
                  **Unity Marine, Inc.**
                  **Bankruptcy Case No.: 13-16222-PGH  (substantively consolidated)**

To Whom It May Concern:

      On March 20, 2013 (the "Petition Date"), a voluntary Chapter 11 bankruptcy was filed in the Southern District of Florida for Unity Shipping Lines, Inc.; Yacht Path International, Inc.; Yacht Path Palm Beach, Inc.; and Unity Marine, Inc. (collectively the "Debtors"), Case No. 13-16222-BKC-PGH; 13-16247-BKC-PGH; 13-16261-BKC-PGH; 13-16265-BKC-PGH respectively. The cases were converted to cases under chapter 7 on November 13, 2013 and were substantively consolidated on March 19, 2014. This firm represents Soneet R. Kapila, the Chapter 7 Trustee.

      It has come to the attention of the Trustee that you have received transfer(s) from the Debtors within ninety (90) days prior to the Petition Date totaling $330,000.00 (the "Transfer(s)") (consisting of payments from Unity Shipping Lines, Inc.). As such, the Transfers would qualify as avoidable preferential transfers pursuant to 11 U.S.C. §547. This letter is being sent to demand return of the $330,000.00 to the Trustee **within thirty (30) days from the date of this letter**. Your check should be made payable to Soneet R. Kapila, Trustee in Bankruptcy for Unity Shipping Lines, Inc., and should be sent to the attention of Rilyn A. Carnahan, Esq., Greenspoon Marder, P.A., 250 S. Australian Avenue, Suite 700, West Palm Beach, Florida 33401.

January 16, 2015
Page No. 2

      If you believe that you have defenses to the avoidance of these Transfer(s) please provide proof of same. Otherwise, demand is hereby made for payment in the amount of $330,000.00. If payment is not made, the Trustee may have no other choice but to bring an adversary proceeding against you within the Bankruptcy Court here in the Southern District of Florida.

### THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

      We are providing you with the following information in accordance with the Fair Debt Collection Practices Act:

      1.      Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume that the debt is valid.

      2.      If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by us.

      3.      Upon your written request within thirty (30) days, we will provide you with the name and address of the original creditor, if different from the current creditor.

      The foregoing information pertains only to verification of indebtedness. The above thirty (30) day validation period will suspend collection activities while our office obtains debt verification. However, the thirty (30) day validation period will not suspend the possible filing of a lawsuit against you.

      Be guided accordingly.

Very truly yours,

GREENSPOON MARDER, P.A.

*Rilyn Carnahan*

Rilyn A. Carnahan, Esq.
For the Firm

RAC/gs



888.491.1120
www.gmlaw.com

From the desk of:
Rilyn A. Carnahan, Esq.
222 Lakeview Avenue, Suite 800
West Palm Beach, Florida 33401
Direct Phone: 561.838.4557
Direct Fax: 561.514.3457
Email: rilyn.carnahan@gmlaw.com

January 16, 2015

**VIA Regular U.S. Mail**
MAERSK-Rickmers U.S. Flag Project Carrier LLC
c/o C T Corporation System, Registered Agent
111 Eighth Avenue
New York, NY 10011

        **RE:**    **Unity Shipping Lines, Inc.**
                **Yacht Path International, Inc.**
                **Yacht Path Palm Beach, Inc.**
                **Unity Marine, Inc.**
                **Bankruptcy Case No.: 13-16222-PGH  (substantively consolidated)**

To Whom It May Concern:

      On March 20, 2013 (the "Petition Date"), a voluntary Chapter 11 bankruptcy was filed in the Southern District of Florida for Unity Shipping Lines, Inc.; Yacht Path International, Inc.; Yacht Path Palm Beach, Inc.; and Unity Marine, Inc. (collectively the "Debtors"), Case No. 13-16222-BKC-PGH; 13-16247-BKC-PGH; 13-16261-BKC-PGH; 13-16265-BKC-PGH respectively. The cases were converted to cases under chapter 7 on November 13, 2013 and were substantively consolidated on March 19, 2014. This firm represents Soneet R. Kapila, the Chapter 7 Trustee.

      It has come to the attention of the Trustee that you have received transfer(s) from the Debtors within ninety (90) days prior to the Petition Date totaling $330,000.00 (the "Transfer(s)") (consisting of payments from Unity Shipping Lines, Inc.). As such, the Transfers would qualify as avoidable preferential transfers pursuant to 11 U.S.C. §547. This letter is being sent to demand return of the $330,000.00 to the Trustee **within thirty (30) days from the date of this letter**. Your check should be made payable to Soneet R. Kapila, Trustee in Bankruptcy for Unity Shipping Lines, Inc., and should be sent to the attention of Rilyn A. Carnahan, Esq., Greenspoon Marder, P.A., 250 S. Australian Avenue, Suite 700, West Palm Beach, Florida 33401.

January 16, 2015
Page No. 2

   If you believe that you have defenses to the avoidance of these Transfer(s) please provide proof of same. Otherwise, demand is hereby made for payment in the amount of $330,000.00. If payment is not made, the Trustee may have no other choice but to bring an adversary proceeding against you within the Bankruptcy Court here in the Southern District of Florida.

### THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

   We are providing you with the following information in accordance with the Fair Debt Collection Practices Act:

   1.   Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume that the debt is valid.

   2.   If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by us.

   3.   Upon your written request within thirty (30) days, we will provide you with the name and address of the original creditor, if different from the current creditor.

   The foregoing information pertains only to verification of indebtedness. The above thirty (30) day validation period will suspend collection activities while our office obtains debt verification. However, the thirty (30) day validation period will not suspend the possible filing of a lawsuit against you.

   Be guided accordingly.

                                               Very truly yours,

                                               GREENSPOON MARDER, P.A.

                                               *Rilyn Carnahan* (signature)
                                               Rilyn A. Carnahan, Esq.
                                               For the Firm

RAC/gs